## Hoover v. Yannunzi.

*Landlord and tenant—Lease of room for business purposes—Right to use outside wall—Advertising sign—Equity—Injunction—Nuisance.*

1. Defendant was lessee of a store on the first floor of a business building, and plaintiff was lessee of the second floor front room above it, which was used as a music studio. The leases to both reserved to the landlord the right to display "For Rent" and "For Sale" cards thereon. Defendant, without the knowledge of plaintiff, obtained from the landlord permission to erect an electric advertising sign on the front of the building, running above the first floor, outside the windows of plaintiff's room. When the work was begun, plaintiff protested against it, and later filed a bill in equity, asking for an injunction. The testimony showed that the sign was lighted until 10.30 P. M., and caused annoyance to plaintiff: Held, granting an injunction, that the defendant, by placing the sign on the outside of the wall of the second floor, became a trespasser upon the rights of plaintiff, and that the sign, by reason of the proximity of its lights to plaintiff's windows, was a nuisance.

*Landlord and tenant—Lease of portion of building for business purposes—Rights in outer wall for advertising signs.*

2. The lease of a portion of a building for a store or other business gives the lessee the exclusive right to the use of the outer walls of that portion of the building for advertising purposes. Where a second floor front room in a store building is leased for business purposes, the lessee of that room has the exclusive right to the outside front wall of the leased portion for advertising the business carried on therein.

Bill for injunction. C. P. Berks Co., Equity Docket, 1921, No. 1305.

*Paul H. Price,* for plaintiff.

*Samuel E. Bertolet* and *J. Howard Jacobs,* for defendants.

WAGNER, J., March 13, 1922.—*Findings of fact.*

1. Edith M. Hoover, plaintiff, is the lessee and occupant of the second floor front room of building situate at No. 906 Penn Street, Reading, Pa. This

2 D. & C.

room, together with a small toilet-room, cut out of the northeast part of the large room aforesaid, occupies the entire front of said building on the second floor, and was rented by the plaintiff to be used as a studio of music only.

2. Plaintiff, by agreement in writing bearing date May 28, 1921, rented said premises from Ralph S. Focht, owner of said building and one of the defendants.

3. On April 1, 1921, Ralph S. Focht, by an agreement in writing, leased to Joseph Yannunzi, one of the other defendants, *inter alia*, a store-room on the first floor of premises No. 906 Penn Street, to be used as a shoe repairing and boot-blacking business.

4. The aforesaid leases reserved this right to the lessor with regard to signs: The said party of the first part (Ralph S. Focht) expressly reserves the right to display "For Rent" or "For Sale" cards thereon.

5. On April 1, 1921, until July 6, 1921, Joseph Yannunzi and Sebastiano Adesso conducted said shoe repairing and boot-blacking business as partners.

6. On July 9, 1921, Joseph Yannunzi, lessee as aforesaid, and as sole owner of the Reading Liberty Shoe Repairing Company, without the consent of the plaintiff, erected a vertical electric display sign, 3 feet 9 inches in width at the base and 11 feet 6 inches in height, of the approximate weight of 300 pounds, symbolic of the Statue of Liberty, said electric sign being wired for and containing forty-four 25-watt lamps on the inside of the sign and ten 10-watt lamps on the outside of the sign, the light from which illuminates 200 small lights and five larger ones, not including the illumination of the letters of the sign, "Reading Liberty Shoe Repairing." The sign is illuminated in the evening until 10.30 o'clock.

7. Permission was given by the owner of the building, Ralph S. Focht, to Joseph Yannunzi to erect an electric sign at the place where the same is erected.

8. The plaintiff, prior to the erection of this sign, had no knowledge that said sign was to be erected, and on the morning that it was erected, as soon as she obtained knowledge that it was being erected, through her agent, Early Wyckoff, protested against its erection.

## Discussion.

Plaintiff contends that when she leased the front room of the second floor of No. 906 Penn Street, to be used as a studio of music, this gave her exclusive possession of the outside wall of the room rented, except as the lessor reserved the right to display thereon "For Rent" or "For Sale" cards.

This contention is denied by the defendants. They maintain that because this is a lease of a room only, it gave to the plaintiff no right to the outside wall; that the same remained in the owner of the building, Mr. Focht, and that, he having given permission to Joseph Yannunzi to erect an electric sign upon aforesaid wall, plaintiff's prayer for an injunction should be dismissed.

In 24 Cyc., 1047, we have this principle as to the use of outside walls thus stated: "According to the weight of authority, the lease of a portion of a building for a store or other business purposes gives the lessee the exclusive right to the use of the outer walls of that portion of the building so leased by him for the purpose of posting advertisements and notices thereon." In 1 Landlord and Tenant, Tiffany, 271, the respective rights of a lessee as to the outer wall adjacent to the rooms or apartments named as a part of the premises leased, and as to the landlord or other lessees of the building, is thus stated: "A lease of a part of a building, *prima facie*, passes the outer wall adjacent to the rooms or apartment named as a part of the premises

leased, and, consequently, the lessee has the exclusive right to use such wall for advertising purposes. But the landlord, or the lessee of other parts of the building, no doubt, retains an easement in such walls for the purpose of supporting the balance of the building, and any serious changes in, or injuries to, the wall would be restrained." In Salinger v. North American Woolen Mills Co. et al. (W. Va.), 73 S. E. Repr. 312, where it is held that the lessee of a store-room, unless restrained by the terms of his lease, has the exclusive right to the use of the outside walls of that portion of the building covered by his lease, for advertising signs, the court, on page 314, say: "It is well settled, also, that a lessee has the exclusive right to the use of the outside walls of the portion of the building covered by his lease, to the exclusion of a lessee of another part of the same building, and has no right to use, for any purpose, any portion of the outside walls not enclosing his part of the premises: 1 Underhill on Landlord and Tenant, § 277. And this rule applies to the use of such walls for signs: Jones on Landlord and Tenant, § 108; 24 Cyc., 1047; Riddle v. Littlefield, 53 N. H. 503, 16 Am. Reps. 388." In Broads et al. v. Mead et al. (Cal.), 116 Pac. Repr. 46, where the same question arose as in this case, we have (page 47): "Plaintiff, Laura Broads, had leased the premises for the purpose of carrying on a restaurant therein. She had the right to make a reasonable use of the front wall for the purpose of advertising said business. This clearly implies the right to keep it free for such use and to prevent other persons from placing signs upon or against it which would obstruct or interfere with such use by her. Her right to prevent the defendants from occupying her wall space with signs relating to their own business seems indisputable. The injunction was properly given." See, also, Baldwin v. Morgan, 43 Hun (N. Y.), 355.

This same question came before us in Yoder v. Cohen Bros., 6 Berks Co. L. J. 314. In that case the plaintiff had rented the entire second floor of the building. We there held that this gave him the right to the outer wall, and granted an injunction against the owners of the building and occupiers of the first floor, restraining them from placing an electric sign on the second floor of plaintiff's leased portion of the building. The defendants contend that this case must be differentiated from that because there the plaintiff had the entire floor, while in this case the plaintiff has but the front room of the second floor. It must be remembered that plaintiff's premises were rented for business purposes, and the part she rented included the entire front of the second floor. In Lowell v. Strahan (Mass.), 12 N. E. Repr. 401, cited by us in Yoder v. Cohen Bros., we have, inter alia: " 'Floor' means a section of the building between horizontal planes; the words 'in a building' show that the section is of the whole building and not of a part of it. The word 'room' includes a description of the perpendicular as well as of the horizontal planes which bound the parcel of the house described by it, and excludes the outside of lateral walls, at least when they constitute the walls of another room, as clearly as the words 'first floor' exclude the flooring of the story above it." Both in the case of Lowell v. Strahan and Yoder v. Cohen Bros., plaintiffs had leased the entire floor. The decision in these two cases does not determine that a person who has leased a room of a second floor, as in this case, does not have a similar right. We fail to see why a person who rents the front room of a second floor does not have the same rights to the front wall as if she had rented the entire floor.

In Scott v. The Fox Optical Co. et al., 21 Pitts. L. J. (N. S.) 368, the contention was, as in this case, with reference to one room. The contention is thus stated (page 369): "This attorney argues that as only one room of the

2 D. & C.

house was leased, that, in case of the destruction of the house, the rent of the room would cease, and that the lease of a room is the letting of the inside of the walls only, and conveys no rights on the outside of the walls; while the attorney for the defendant claims that the leasing of a room for business purposes carries with it the right to use the walls outside of the room so leased for advertising the business carried on within." The court, in sustaining the defendant's contention, on page 370, says: "But where a part of a house, and especially the principal controlling room of a house, is rented as an office for carrying on professional business, or for a store, it seems to us that reason, uniform custom as we have known it, and the overwhelming weight of authority, is with the master's conclusion that the lease carries with it the right to occupy the walls or other places of the portions rented with signs calling attention to the lessee's business in the usual and ordinary way of so doing in such business, unless the lease shall restrict the right, or unless it be already occupied in such a way as to other parts of the house as to palpably give notice to the lessee that his privilege of sign space is to be limited."

The leases to the plaintiff and to Yannunzi show that the owner of the building, Ralph S. Focht, intended that by the lease of the portion of the building granted to them, the right to the use of the outside wall was included in the lease, otherwise it would not have been necessary for him to reserve to himself the right to place upon the outside walls "For Rent" or "For Sale" cards. When he gave permission to Joseph Yannunzi to display an electric sign in front of plaintiff's room on the second floor, he exceeded his legal right. Joseph Yannunzi, by virtue of his lease, clearly had no right to erect, and has no right to maintain, the sign erected by him.

Plaintiff is also entitled to an injunction upon the ground that the light is a continuing nuisance. The room that she rented was for the purpose of giving music lessons to her pupils. She testified that, on account of the glare of the lights from the sign, she was obliged to draw the curtain and shut out the light when she desired to use the room for the purpose for which it was leased. This also interfered with the ventillation of the room.

It is very evident that a light of this character, placed as this one was, would produce the results complained of. For this reason, also, the plaintiff is entitled to the prayers contained in her bill.

There is no evidence to show that Sebastiano Adesso was in any way connected with the erection of the sign. As to him, the bill necessarily must be dismissed.

The plaintiff has waived none of her rights from the fact that the sign was already erected before she filed her bill. She knew nothing of the intended erection. As soon as she discovered that the sign was being erected, she protested against the erection thereof.

### Conclusions of law.

1. Defendants, Joseph Yannunzi and Ralph S. Focht, by placing the sign on the outside of the wall of the second floor of No. 906 Penn Street, Reading, Pa., became trespassers upon the rights of the plaintiff.

2. The said electric sign on the outside of the wall of the second floor of No. 906 Penn Street, Reading, Pa., by reason of the proximity of its lights to plaintiff's windows, and the effect thereof, is a nuisance.

3. The plaintiff is entitled to the relief prayed for; that is, that the defendants, Joseph Yannunzi and Ralph S. Focht, be ordered to cease to maintain and to operate the electric display sign in front of the room leased and occu-

pied by the plaintiff, to remove the same, and that the space be left for plaintiff's occupancy.

4. The bill shall be dismissed as to Sebastiano Adesso.

5. The costs of the proceedings shall be paid by the defendants, Joseph Yannunzi and Ralph S. Focht.　　　From Wellington M. Bertolet, Reading, Pa.